2 Misc. Rep. 334, 21 N. Y. Supp. 974, and Bonwell v. Auld, 9 Misc.
Rep. 65, 29 N. Y. Supp. 15, are not applicable, because in both of
them the real-estate broker who sued for compensation was retained
or employed to render the services, and the court held that, having
rendered the services, thereupon he was entitled to a quantum meruit;
but in the case at bar there is no proof whatsoever that said Barnes
requested the defendant, Kelly, to furnish him with board and
lodging, and to render services at his request. For that reason, the
motion made at the end of the trial for a dismissal of the counter-
claim, and for the direction of judgment in favor of the plaintiff, made
by the plaintiff's counsel, should have been granted. The proper ex-
ception has been taken thereto.

Judgment appealed from reversed, and a new trial granted, with
costs and disbursements to the appellant to abide the event. All
concur.

---

### FROMME v. SCHWORER.

(City Court of New York, General Term. December 27, 1899.)

PLEADING—SHAM ANSWER.
   It is error to strike out as sham any answer which pleads payment of
   services sued for, and denies the quantity of services rendered and the rea-
   sonable value thereof as alleged in the complaint.

Appeal from special term.

Action by Herman Fromme against Albert Schworer. From an
order striking out defendant's verified answer as sham, he appeals.
Reversed.

Argued before FITZSIMONS, C. J., and SCHUCHMAN and
O'DWYER, JJ.

Philbin & Beekman, for appellant.
Fromme Bros., for respondent.

SCHUCHMAN, J. The answer denies the quantity of services
rendered and the reasonable value thereof as alleged in the com-
plaint. It further pleads payment. The issues raised have to be
determined on a trial.

Order appealed from reversed, with $10 costs and disbursements
to appellant, and the motion denied, with $10 costs to defendant.
All concur.

---

### MITCHELL v. WAITE.

(City Court of New York, General Term. December 27, 1899.)

CONTRACT OF EMPLOYMENT—MODIFICATION BY CUSTOM.
   A custom between employers and employés of giving and taking two
   weeks' notice of an intention to sever their relation cannot affect a specific
   contract of employment for a specific period.

Appeal from trial term.

Action by George W. Mitchell against James R. Waite. Judgment
for plaintiff, and defendant appeals. Affirmed.